UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 13-10118 |
| | ) | Chapter 11 |
| NORTHERN BEEF PACKERS | ) | |
| LIMITED PARTNERSHIP | ) | |
| Tax ID/EIN 26-2530200 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**OBJECTIONS OF SDIF LIMITED PARTNERSHIP 6 AND SDIF LIMITED PARTNERSHIP 9 TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING (A) SECURED POST-PETITION FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, (B) USE OF CASH COLLATERAL PURSUANT TO 11 U.S. § 363 AND (C) GRANT OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361, 363 AND 364, AND REQUEST FOR PRELIMINARY HEARING**

Come now SDIF Limited Partnership 6 and SDIF Limited Partnership 9, sometimes hereinafter jointly referred to as "SDIF", secured creditors of the Debtor herein, and enter the following objections to the Motion of the Debtor (Doc. 45) as captioned above, upon the following grounds and for the following reasons:

1.      SDIF Limited Partnership 6 and SDIF Limited Partnership 9 join in the Objections of the United States Trustee to the Debtor's Motion described above.

2.      The Debtor will be unable to meet its heavy burden of proof establishing its right to the relief requested under 11 U.S.C. § 364(d)(1) including subsection (B) thereof.

3.      The Debtor's Motion and the proposed Interim Order attached thereto fail to provide an offer of adequate protection sufficient to protect the monetary and other interests of SDIF in the property of the Debtor (which include essentially <u>all</u> assets of the Debtor) which are subject to the security interests and mortgages in favor of SDIF.  In fact, neither the Debtor's Motion nor the Interim Order attached thereto makes any offer of adequate protection and the Motion is, accordingly, deficient, and does not comply with Local Bankruptcy Rule 4001-3(b)(3).

1

4.    The Debtor's Motion fails to provide any information concerning the Debtor's efforts to obtain other financing as required under 11 U.S.C. § 364(d)(1)(A), and SDIF remits the Debtor to its proof thereof.

5.    The proposed financing which is the subject of the Debtor's Motion is, on information and belief, one of several possible DIP financing options Debtor pursued, certain of which may have been more beneficial to the Debtor, possibly providing a basis upon which to reorganize as opposed to liquidating.  On information and belief, SDIF alleges that the Debtor's inability to further pursue negotiations with other parties was thwarted by threats of adverse action by White Oak Global Advisors, LLC.

6.    Section 4. of the Motion entitled Adequate Protection of Other Creditors' Interests, alleges that the liens or security interests of SDIF "would be junior to the security interest granted to White Oak Global Advisors."  The relative priority and extent of the liens of White Oak and SDIF are the subject of Subordination Agreements described in the Debtor's Motion and would be determined by the provisions thereof, thus any Order entered by virtue of Debtor's Motion should provide that any priority lien granted would, as between White Oak and SDIF, be subject to the provisions of said Subordination Agreements.  The alleged "adequate protection of other creditors' interest" apparently consists only of the unsubstantiated statement that the Debtor would be unable to maintain its property (a non-operating plant facility) or administer the case and its assets which would "either have to be dismissed or converted."  Finally, it is alleged that the proceeds of liquidation in the event of dismissal or conversion would be less than what would be realized by the rapid, forced sale process contemplated by the Debtor's Motion.  These allegations do not constitute adequate protection of SDIF's interest in property of the Debtor.

7.    The proposed terms of the post-petition lending by White Oak, as evidenced by the Debtor's Motion, the proposed Interim Order, and the Senior Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement impermissibly seek to alter provisions of the Bankruptcy Code protecting other parties.

8.    Subsection (b) of Section 12. of the Proposed Order provides that if the Termination Date, as defined in Section 6 of the Proposed Order occurs (presumably without full payment having been made to White Oak), White Oak would be entitled

upon "three (3) business days' written notice without further order or application to the Court" to foreclose upon or sell any of its collateral, apparently without the need to seek any appropriate relief of stay and, arguably without compliance with State laws.  Such treatment is severely prejudicial to the rights of the holder of all other claims and interests, and is beyond the scope of the relief requested in the Motion.

9.      The proposed financing to be provided by White Oak further appears not to be in the best interest of the Debtor and other creditors when the budget attached to the Motion reflects that $424,900.00 of the $1,541,437.00 to be made available to the Debtor for operating expenses will be paid to White Oak for interest and fees and to the proposed financial consultant for fees and expenses.

10.      The proposed Interim Order provides that, upon entry of a Final Order authorizing the Debtor to borrow up to $4,900,000.00, two uses of funds will be required and/or authorized which work to the specific detriment of all other parties in these proceedings.  Both are found in Section 3 of the Order.  First, said section will permit White Oak to receive payment of pre-petition indebtedness in the sum of $2,450,000.00 from the DIP loan funds.  Thus, fifty percent (50%) of the funds being made available will be used for the purpose of converting pre-petition indebtedness to post-petition indebtedness secured by a superpriority lien in the Debtor's assets.  Secondly, the Debtor is authorized to utilize a certificate of deposit currently collateralizing a Letter of Credit to which the South Dakota Animal Industry of Credit is the beneficiary for payment of pre-petition tax obligations, again, preferring tax creditor to all others, including secured creditors who would have priority over such tax claims, and, presumably, depriving the Debtor of the ability to re-commence business operations in the absence of a comparable corporate letter of credit.

11.      The same Section 3. Of the Order described above also provides that "if the Lenders in each of their sole discretion advance funds or other extensions of credit in excess of any limitations in the DIP Loan Documents, such advances (any other indebtedness in excess of such amount) shall constitute DIP Indebtedness entitled to the benefits of the DIP Loan Documents in this Order."  It is respectfully submitted there is neither a legal basis nor a factual basis for such a provision.

3

12.     Section 4. of the Proposed Order appears to state that, even though White Oak will receive $2,450,000.00 in payment, the Debtor will still be deemed to be in default.  This provision permits White Oak to continue to maintain or threaten to maintain the exercise of default remedies despite receiving payment of prepetition arrearages.

13.     Subsection (d) of Section 10. of the Proposed Order seeks to remove the power to examine the fees, costs and expenses incurred by White Oak's professionals from the scrutiny of the Court and should not be permitted.

WHEREFORE, SDIF Limited Partnership 6 and SDIF Limited Partnership 9 pray that the Court will deny the Motion of the Debtor and will grant these creditors such other, further or different relief as it deems just, proper and equitable.

Dated this 30th day of July, 2013.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.


/s/ Robert E. Hayes
Robert E. Hayes
Keith A. Gauer
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
(605) 336-2880
    Attorneys for SDIF Limited Partnership 6 and
    SDIF Limited Partnership 9