**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

**Via Electronic Transfer**

August 6, 2013

James M. Cremer, Esq.
Attorney for Debtor
Post Office Box 970
Aberdeen, South Dakota 57402-0970

Joel D. Nesset, Esq.
Attorney for Debtor
33 South Sixth Street, Suite 4150
Minneapolis, Minnesota 55402

Steven H. Silton, Esq.
Attorney for Debtor
33 South Sixth Street, Suite 4150
Minneapolis, Minnesota 55402

Thomas G. Wallrich, Esq.
Attorney for Debtor
33 South Sixth Street, Suite 4150
Minneapolis, Minnesota 55402

        Subject:    *In re Northern Beef Packers Limited Partnership*
                             Chapter 11, Bankr. No. 13-10118

Dear Counsel:

      Because of the disparity between the number of scheduled creditors and the number of parties on the mailing list of creditors, the Bankruptcy Clerk's office compared the two to ensure all scheduled creditors are on the mailing list. They are not. Attached is a list of those creditors that are on the schedules but are not on the mailing list.

      Pursuant to 11 U.S.C. § 521(a)(1)(A) and Fed.R.Bankr.P. 1007(a)(1), a full mailing list should have been filed with the petition. It was not.

      Further, pursuant to the Order (and Amended) Order Setting Certain Deadlines on Debtor's Motion to Obtain Credit, Use Cash Collateral, and Provide Adequate Protection and Preliminary Request (docs. 51 and 59), the order and Debtor's Motion for Interim and Final Orders Authorizing: (A) Secured Post-Petition Financing on a Super Priority Basis Pursuant to 11 U.S.C. § 364, (B) Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (C) Grant of Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363, and 364, and Request for Preliminary Hearing ("motion to obtain credit")

Re: *Northern Beef Packers*
August 6, 2013
Page 2


(doc. 45) were to have been served on all creditors and other parties in interest. The record does not indicate the required service was made.

Accordingly, at the August 8, 2013 continued hearing on Debtor's motion to obtain credit, Debtor now has the additional burden of demonstrating to the Court why preliminary authority to obtain secured credit should be granted when not all creditors have been given notice of the commencement of the case and notice of the motion to obtain credit and the order setting deadlines, as the Court directed.

There is nothing in the record to suggest counsel for Debtor were not cognizant the mailing list was incomplete on the petition date. Had you been forthright and acknowledged the problem no later than when the motion to obtain credit was filed, we could have dealt with it in a more timely fashion. Now, Debtor's options have narrowed.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

Attachment: one

cc:   case file (docket as status letter; serve any party in interest who is not electronically served)