## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE:<br><br>NORTHERN BEEF PACKERS LIMITED PARTNERSHIP<br>TAX ID#: 26-2530200<br><br><br>DEBTOR. | CASE NO. 13-10118<br><br>CHAPTER 11<br><br>UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 |

The United States Trustee for Region 12, through the undersigned Assistant United States Trustee, hereby moves the Court to convert the above chapter 11 case to Chapter 7.  In support of said Motion the United States Trustee alleges as follows:

### FACTS

1.  Debtor filed a voluntary petition under Chapter 11 on July 19, 2013.

2.  Since the filing of the petition over 21 months ago, virtually all estate assets have been sold and the Debtor continues to maintain a negative cash-flow position. Despite the lack of business operations, Debtor continues to incur administrative expenses.  To date, neither Debtor nor any party in the case has proposed a plan of reorganization / liquidation and no such plan is anticipated to be filed.

3.  The only remaining assets of the estate are the potential "chapter 5" actions for preference or fraudulent conveyances.  These remaining assets can be pursued in a chapter 7 case as easily as in the current chapter 11.  Further, at this stage of the case there is no perceived benefit to pursuing the remaining assets in a chapter 11.

4.  Pursuant to 11 U.S.C. § 1112(b)(1), the court may, after notice and a hearing, convert a chapter 11 case to chapter 7 if to do so would be in the best interest of

creditors and the estate.  The reason for converting a chapter 11 case to chapter 7 as listed at § 1112(b)(4)(A) as applicable to this case is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

5.  Dismissal or conversion of a chapter 11 case is governed by 11 U.S.C. § 1112(b).  Dismissal or conversion is based on the Court's determination of "cause."  Although § 1112(b)(4) fails to define what the term "cause," it provides a list of circumstances that can support dismissal or conversion of a chapter 11 case.  However, the list of factors in 1112(b)(4) is non-exhaustive and a case may be converted or dismissed for "cause" other than that listed in the statute.  See *In re AmeriCERT, Inc.*, 360 B.R. at 401; *Tuli v. U.S. Trustee*, 124 Fed.Appx. 830, 831 (5th Cir.2005).  Also see 11 U.S.C. § 1112(b)(4) (using the term "includes" before listing various reasons for dismissing a case.).

**11 U.S.C. 1112(b)(4)(A):**

6.  Among the listed factors supporting conversion or dismissal is 1112(b)(4)(A)'s continuing loss or diminution of the estate in the absence of a reasonable likelihood of reorganization.  The analysis under § 1112(b)(4)(A) contemplates a "two-fold" inquiry into whether the estate has decreased in value and if there is a reasonably likelihood of rehabilitation[,] *In re v. Cos.*, 274 B.R. 721, 725–26 (Bankr. N.D. Ohio 2002).  Because the statute is written in the conjunctive, both requirements must be satisfied.  *In re BH S & B Holdings, LLC*, 439 B.R. 342, 347 (Bankr. S.D. N.Y. 2010).

7.  With respect to the first prong, the focus is on "whether post-petition, the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values[,]" *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 713–14

(Bankr. D. Md. 2011); see also *In re Westgate Props., Ltd.*, 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010) (requiring proof that the debtor "continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief."); *Nester v. Gateway Access Solutions, Inc.* (*In re Gateway Access Solutions, Inc.*), 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007) ("Negative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard for the purposes of § 1112(b).").

8.   As to the second prong, "[t]he issue of rehabilitation for purposes of § 1112(b)(4)(A) 'is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.'" *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009) (citations omitted); see also *Basil St. Partners, LLC*, 477 B.R. at 862 (same). "[R]ehabilitation does not necessarily denote reorganization, which could involve liquidation.  Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.'" *Westgate Props., Ltd.*, 432 B.R. at 723 (quoting *V Cos.*, 274 B.R. at 725); see also *Landmark Atl. Hess Farm, LLC*, 448 B.R. at 714–15 ("[R]ehabilitation is not synonymous with reorganization and the determination is not whether a debtor can confirm a plan, but whether the debtor has sufficient business prospects."); *BH S & B Holdings, LLC*, 439 B.R. at 347 (citation omitted) ("In this context, rehabilitation means to put back in good condition and reestablish on a sound basis.").  See also, *Santa Fe Minerals, Inc. v. BEPCO, L.P.*, 386 B.R. 548, 552 (Bankr. D. Del. 2008) (rehabilitation means restoration of a business' viability; liquidation is not rehabilitation).  Further, to meet the standard required for "reasonable

reorganization", a plan for rehabilitation under Chapter 11 must be based on more than speculative data.  *In re Schriock Constr. Inc.*, 167 B.R. 569, 576 (Bankr. D. N.D. 1994).

9.  During the course of the chapter 11 case, Debtor has, pursuant to 11 U.S.C. § 363, sold all significant assets of the estate.  Absent assets to operate the business, Debtor cannot operate profitably and therefore operating profits cannot form the basis for reorganization.  Accordingly, Debtor's circumstances clearly demonstrate a continuing diminution of the estate in the absence of any prospect of reorganization.

**Unusual Circumstances:**

10.  Once a movant establishes that cause for conversion exists, the burden shifts to the opposing party to specifically identify unusual circumstances that show conversion would not be in the best interest of the estate and its creditors and that there is a reasonable likelihood that a plan will be confirmed.  11 U.S.C. § 1112(b)(2); *In re American Capital Equipment, LLC*, 688 F.3d 145, 163 (3d Cir. 2012); *In re Dr. R.C. Samanta Roy Institute of Science Technology Inc.*, 465 Fed.Appx. 93, 97 (3d Cir. 2011); *In re Riverbend Community, LLC,* Bky. No. 11–11771, 2012 WL 1030340, *3 (Bankr. D. Del. Mar. 23, 2012); *Fidelity Deposit & Discount Bank v. Domiano* (*In re Domiano*), 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010).  The unusual circumstances should relate to conditions that are not common in Chapter 11 cases that explain why a plan is reasonably likely to be confirmed within a reasonable period of time.  *Fidelity Deposit & Discount Bank v. Domiano* (*In re Domiano*), 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010) ("unusual circumstances require a showing that there is a reasonable likelihood that a Chapter 11 plan will be confirmed within a reasonable period of time"); *In re Orbit Petroleum, Inc.*, 395 B.R. 145, 149 (Bankr. D. N.M. 2008) (finding that likelihood that unsecured creditors

would be paid in full was "unusual circumstances" sufficient to show that conversion or dismissal was not in the best interests of creditors); Alan N. Resnick & Henry J. Sommer, *7 Collier on Bankruptcy* ¶ 1112.05[2] (16th Ed. 2013) ("the word 'unusual' contemplates facts that are not common to chapter 11 cases generally.").

11.   The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the Chapter 11 case, whichever is in the best interests of creditors and the estate.   See Alan N. Resnick & Henry J. Sommer, *7 Collier on Bankruptcy* ¶ 1112.04[4] (16th ed. 2011).  "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative."  *Id.*  However, once the movant establishes "cause", the burden shifts to the debtor to demonstrate by evidence the "unusual circumstances" that establish that dismissal or conversion to Chapter 7 is not in the best interests of the creditors and the estate.   See Alan N. Resnick & Henry J. Sommer, *7 Collier on Bankruptcy* ¶ 1112.05[1] (16th ed. 2011).

12.   The Schedules and proceedings in this case to date do not evidence any unusual circumstances beyond those experienced by a typical chapter 11 debtor.  Thus, it is upon Debtor to establish that such circumstances exist and are sufficient to preclude conversion of this case to chapter 7.

**Dismissal or Conversion:**

13.   The Court's discretion to dismiss or convert a Chapter 11 case is limited if cause is established.  See *Gilroy v. Ameriquest Mortg. Co.* (*In re Gilroy*), 2008 Bankr.Lexis 3968, 2008 WL 4531982 (1st Cir. BAP 2008); AmeriCERT, *Inc. v. Straight Through*

*Processing, Inc.* (*In re AmeriCERT, Inc.*), 360 B.R. 398, 401 (Bankr. D. N.H. 2007) ("Prior to its amendment, the statute provided that a court 'may' dismiss the case upon finding cause, but amended section 1112(b) provides that a court 'shall' dismiss if cause is found, absent unusual circumstances.").

14.    The bankruptcy court retains discretion in determining conversion or dismissal is in the best interest of creditors and the estate.  See *id.*; *In re Gilroy*, 2008 WL 4531982, 2008 Bankr.Lexis 3968.   If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2) analysis to determine whether the Chapter 11 case is dismissed or converted.

15.   After the moving party establishes that there is cause to dismiss or convert the case to Chapter 7, the court must choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate."   11 U.S.C. § 1112(b)(1). The standard for choosing between conversion or dismissal based on "the best interest of creditors and the estate" implies application of a balancing test by the bankruptcy court.  See *In re De Jonghe*, 334 B.R. at 770; *In re Staff Inv. Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992).   The legislative history shows that Congress intended to invest the bankruptcy court with "wide discretion  .  .  .   to make an appropriate disposition of the case" and "to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases."   *In re De Jonghe*, 334 B.R. at 770, citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 406, reprinted in 1978 U.S.C.C.A.N. 5963, 6361–62.

16.   Having established "cause" for dismissal or conversion, and in the absence of any unusual circumstances, it remains only to determine whether dismissal or conversion is in the best interest of creditors.   Conversion rather than dismissal is

mandated given the lack of physical assets from which to operate the business.  Rather, the only remaining assets are "chapter 5 actions" (preferences and fraudulent conveyance actions) which can more economically be pursued in a chapter 7 case. Further, all parties appearing at the status conferenced held on April 16, 2015, including the Official Committee of Unsecured Creditors, expressed their preference the case be converted to chapter 7.

WHEREFORE the United States Trustee respectfully requests the Court convert Debtor's chapter 11 bankruptcy, case no. 13-10118 to chapter 7.

**Daniel M. McDermott**
United States Trustee
Region 12

Dated:  April 17, 2015

By:    /s/ James L. Snyder
**James L. Snyder**
Assistant U.S. Trustee
**Ashley Zubal**
Trial Attorney
314 S. Main Avenue, Suite 303
Sioux Falls, SD  57104-6462
Tel:  (515) 284-4985
Fax:  (515) 284-4986
Email:  James.L.Snyder@usdoj.gov;
Ashley.Zubal@usdoj.gov